IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Cinthia Torres Flores, et al.,**

    Plaintiffs,

        v.                        CIVIL NO. 16-1073 (PG)

**Commonwealth of Puerto Rico, et al.**

    Defendants.

### ORDER

After securing a favorable ruling from the Department of Education of Puerto Rico ("DOE") in the administrative case, Cinthia Torres Flores, personally and on behalf of her son JST (the "plaintiffs"), filed this action against the Commonwealth of Puerto Rico and the DOE (collectively, the "defendants") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 et seq. See Docket No. 1. Plaintiffs sought to compel the DOE to comply with the administrative law judge's ("ALJ") order and provide the relief granted therein. Id. The above-captioned parties later filed a stipulation disposing of all claims in this case, except for the issue of attorney's fees and litigation expenses, which they agreed to brief the court on via separate motion. See Docket No. 11. On March 16, 2016, the court entered judgment dismissing the case with prejudice and retaining jurisdiction for enforcement purposes.

The plaintiffs move for an award of attorney's fees, costs and related expenses in the total amount of $1,640.00, see Docket No. 16, which the court **GRANTS** for the reasons explained below.

### I. DISCUSSION

Having prevailed in the administrative action, and upon obtaining a favorable judgment from this court, the plaintiffs request an award of attorney's fees, costs and related expenses under § 1415(i)(3)(B) of the IDEA, 42 U.S.C. § 1988 and 28 U.S.C. § 1920.[1] The plaintiffs submitted invoices setting forth the hours expended by attorney Juan Nieves Gonzalez,

---

[1] The court takes not that on August 8, 2016, the Clerk of Court determined that the amounts of $400.00 for filing fees and $60.00 for fees of service of process are taxable costs under 28 U.S.C. § 1920(1), but that the requested amount of $19.75 for litigation expenses was not. As such, the court has subtracted $19.75 from the total amount of the award. See Docket No. 19.

calculated at an hourly rate of $100, for a total of $1,180 in attorney's fees, plus $460 in costs and expenses. See Docket Nos. 15 and 16. The attorney's fees pertain to the services rendered in connection with the instant case. The defendants have not opposed the plaintiffs' request.

### A. Attorney's Fees under IDEA

Per the so-called "American Rule," litigants must generally bear their own fees and costs absent explicit statutory authority. See Baker Botts v L.L.P. v. ASARCO LLC, 135 S.Ct. 2158, 2164 (2015); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602, 121 S.Ct. 1835 (2001). However, Congress has created an exception for prevailing parties in IDEA cases, authorizing an award of attorney's fees as part of the costs. 20 U.S.C. § 1415(i)(3)(B); see also Maine Sch. Adm. Dist. No. 35 v. Mr.R., 321 F.3d 9, 14 (1st Cir.2003)(noting that "Congress sometimes chooses to allow for fee-shifting in particular situations, and it chose to do so in connection with the IDEA."). In pertinent part, IDEA provides that the court "in its discretion may award reasonable attorney's fees as part of the costs--to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B).

A party achieves "prevailing party" status under IDEA where there is (1) a material alteration of the legal relationship between the parties; (2) actual relief on the merits for the party seeking attorney's fees; (3) a judicial imprimatur on the change. See Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 22)(1st Cir.2005); Doe v. Boston Pub. Sch., 358 F.3d 20, 29-30 (1st Cir.2004)(holding that the Buckannon fee-shifting provision applies to IDEA); Rodriguez v. Puerto Rico, 764 F.Supp.2d 338, 342 (D.P.R.2011)(citation omitted); see also Davis v. District of Columbia, 71 F.Supp.3d 141, 147 (D.D.C.2014)(stating that the Buckannon standard applies to administrative hearings under IDEA even though the relief granted is administrative and not judicial).

Here, it is undisputed that the plaintiffs prevailed in the administrative case, obtaining a favorable ruling from the ALJ who ordered the DOE to provide *inter alia* a Special Education Teacher and compensatory time for the period during which he was deprived of the teacher's services. The court therefore finds that the aforementioned facts, which the defendants do not challenge, provide the necessary judicial imprimatur to

cement the plaintiffs' prevailing party status within the meaning of Section 1415(i)(3)(B). Consequently, an award of reasonable attorney's fees in their favor is appropriate.

### B. Lodestar Calculation

Once the party seeking attorney's fees comes across the prevailing party threshold, the court must determine the reasonable fee. See Comm'r, INS v. Jean, 496 U.S. 154, 161, 110 S.Ct. 2316 (1990). In a fee-shifting case such as the instant one, the court follows the lodestar method for determining the reasonable amount of a fee award. See Diaz v. Jiten Hotel Management, Inc., 741 F.3d 170, 173 n. 1 (1st. Cir.2013)(citations and internal quotation marks omitted). "The lodestar is the product of the hours reasonably worked times the reasonably hourly rate(s)." Gross v. Sun Life Assur. Co. of Canada, 763 F.3d 73, 86 (1st Cir.2014)(citation and internal quotation marks omitted). "In crafting its lodestar, the trial court may adjust the hours claimed to remove time that was unreasonably, unnecessarily or inefficiently devoted to the case … ." De Jesus Nazario v. Morris Rodriguez, 554 F.3d 196, 207 (1st Cir.2009).

The inquiry does not end there, as there are remaining considerations that may lead the district court to adjust the fee upward or downward. See Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331 336(1st Cir.2008)(indicating that the adjustment of the lodestar itself may be based on several different factors, among which are the time and labor actually required in order to effectively handle the matter). After calculating the hours reasonably expanded on the case, the court multiplies the same by the attorney's hourly rate. See Santiago v. Commonwealth of Puerto Rico, No. 08-1832 (ADC), 2010 WL 3419985, at *2 (D.P.R. Aug. 26, 2010)(so noting). The burden falls on the party seeking relief to submit evidence justifying the fee request. Id.; see Spooner v. EEN, Inc., 644 F.3d 62, 68 (1st Cir.2011)(explaining that to meet this burden, a party is required to submit appropriate supporting documentation, which may "include[] counsel's contemporaneous time and billing records and information establishing the usual and customary rates in the marketplace for comparably credentialed counsel")(citation omitted).

### *1. Hourly Rate*

The lodestar method requires that the hourly rate applied by the court be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Tejada-Batista v. Fuentes-Agostini, 263 F.Supp.2d 321, 327 (D.P.R.2003)(quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). In identifying the reasonable hourly rate, "the court may reply upon its own knowledge of attorneys' fees in the community." Rodriguez v. International College of Business and Technology, Inc., 356 F.Supp.2d 92, 96 (D.P.R. 2005)). Similarly, the IDEA specifies that the fees awarded should be based on the prevailing community rates in which the action arose for the kind and quality of services furnished. See 20 U.S.C. § 1415(i)(3)(C). "Because this action arose in Puerto Rico, the Court shall consider Puerto Rico to be the relevant community for purposes of determining fees." Gonzalez v. Puerto Rico, 1 F.Supp.2d 111, 115 (D.P.R.1998).

Plaintiffs propose a rate of $100 per hour for attorney Nieves Gonzalez, an attorney with four years of experience who has focused his practice on federal civil rights litigation. See Docket No. 16-2. Furthermore, attorney Nieves Gonzalez has experience representing students with disabilities in IDEA cases. See id. (listing cases). The plaintiffs assert that the requested rate represents the reasonable market value for the services rendered in connection with the instant case, as well as the work that was necessary to obtain the relief sought. See Docket No. 16 at page 6. The defendants have not opposed the reasonableness of the hourly rate proposed by the plaintiffs.

Upon review, the court finds that the requested rate is reasonable despite the fact that attorney Nieves was not a seasoned attorney, having less than four years of experience in the practice of law at the time he filed the complaint in this case. See Cofino–Hernandez v. Commonwealth, Civil No. 16-1366 (PG), 2017 WL 444845, at *3 (D.P.R. Feb. 2, 2017); Hernandez–Melendez v. Puerto Rico, Civil No. 14–1493 (JAF), 2014 WL 4260811, at *2 (D.P.R. Aug. 29, 2014) (finding hourly rate of $150 requested by attorney in IDEA case is appropriate, if not at the lower end for attorneys in the Puerto Rico community with comparable expertise and experience); Guillemard–Ginorio v. Contreras, 603 F.Supp.2d 301 (D.P.R. 2009) (hourly

rate of $215 for out-of-court work and $225 for in-court work by associate with three years of experience was appropriate in calculating attorney fee award for prevailing plaintiffs in § 1983 action); <u>Bobe-Muniz v. Caribbean Restaurants, Inc.</u>, 76 F.Supp.2d 171 (D.P.R. 1999) (allowing hourly rate of $105 for work by associate with less than three years of experience in calculating fee award for prevailing defendants in Age Discrimination in Employment Act (ADEA) and wrongful discharge action).

### *2. Number of Hours*

As previously noted, the court may exclude unnecessary or redundant hours in crafting the lodestar. <u>See</u> <u>De Jesus Nazario</u>, 554 F.3d at 207. The court may also consider the time and labor required; the novelty and difficulty of the legal issues; the skill and experience of the attorney; the customary fee; the amount involved and the results obtained; and awards in comparable cases. <u>See</u> <u>González</u>, 1 F.Supp.2d at 114 (citation omitted). On the other hand, the party seeking the award of attorney's fees must "justify [his] claim by submitting detailed time records." <u>Rodriguez</u>, 764 F.Supp.2d at 345 (<u>quoting</u> <u>Miller v. San Mateo-Foster City Unified School Dist.</u>, 318 F.Supp.2d 851, 865 (N.D.Cal.2004)). The First Circuit has explained that fee awards require supporting documents that set forth a "full and specific accounting of the tasks performed, the dates of performance, and the number of hours spent on each task." <u>Weinberger v. Great Northern Nekoosa Corp.</u>, 925 F.2d 518, 526 (1st Cir.1991)(internal citations omitted). The First Circuit has further stated "if time records are too generic then the lack of specificity can as a practical matter make it too difficult to permit a court to answer questions about excessiveness, redundancy, and the like. In that event, the court may either discount or disallow those hours." <u>Torres-Rivera v. O'Neill-Cancel</u>, 524 F.3d 331, 336 (1st Cir.2008).

In the instant case, attorney Nieves billed a total of 12.40 hours for representing the plaintiffs in this district court. After an exhaustive review of the attorney's invoice, the court finds that it is neither excessive nor duplicative. On the contrary, the attorney made adequate and efficient use of the time, as it stems from the evidence submitted by the plaintiffs in support of their request. Considering the procedural background of the case and the results obtained, the court finds that the

entries in question are more than reasonable. Moreover, after reviewing the invoices on record, the court concludes that they are sufficiently detailed as to meet the plaintiffs' burden. As such, no downward adjustments are necessary.

## II.  CONCLUSION

For the reasons stated above, the court hereby **GRANTS** plaintiffs' motion for attorney's fees and related expenses at Docket Nos. 15 and 16. Plaintiffs are awarded **$1,180.00** in legal fees and **$460.00** in costs and expenses.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 31, 2017.

                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        **JUAN M. PEREZ-GIMENEZ**
                                        **SENIOR U.S. DISTRICT JUDGE**